# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-02048** |
| | **Chapter 7** |
| **PMC MARKETING CORP** | |
| | **Adversary No. 12-00126** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS** | |
| | **FILED & ENTERED ON 07/30/2015** |
| **Defendant(s)** | |

## OPINION & ORDER

Before this Court is Defendant, Autoridad de Acueductos y Alcantarillados' *Motion to Dismiss* ("PRASA")[Dkt. No. 27], Plaintiff's *Opposition to Motion to Dismiss* [Dkt. No. 28], and Defendant's Reply to the Plaintiff's *Opposition to Defendant's Motion to Dismiss and Motion to Vacate Pre-Trial Hearing or to Reschedule* [Dkt. No. 29]. For the reasons set forth below, the Defendant's *Motion to Dismiss* is GRANTED.

In its motion to dismiss, Defendant contends that pursuant to Federal Rules of Civil Procedure Rule 12(b)(5) as applied to Federal Rule of Bankruptcy Procedure 7012, a party may

1

submit the defense of insufficiency of service of process by motion prior to serving a responsive pleading. Because this is an adversary proceeding, the service of process must be done in accordance to the rules as prescribed by Federal Rule of Bankruptcy Procedure 7004 in order for this court to obtain adequate personal jurisdiction over the Defendant. Further, Defendant contends that Federal Rule of Bankruptcy Procedure 7004(b)(6) applies because it is a recognized public corporation pursuant to 22 L.P.R.A. §142. Conclusively, because the Plaintiff addressed the complaint and summons to an individual not authorized to receive summons on behalf of the Defendant in accordance with Federal Rule of Bankruptcy Procedure 7004, the Defendant asserts that its motion to dismiss should be granted.

In opposition, PMC Marketing Corporation's ("Debtor") chapter 7 Trustee Noreen Wiscovitch-Rentas ("Plaintiff") argues that her service to the Defendant was done in the correct manner. Specifically, Plaintiff contends that "public corporations can be serviced by [sic] persons whose responsibilities are such that notice is sufficient to inform the corporation of the action against it."  Plaintiff further points out that under Rule 7004(b)(6), a public corporation can be served through the person established by the law of the state and that attorney Raquel Matos Colon was such designee to receive service of process for the Defendant. The Plaintiff states that the first two summons were served to her. After said date, attorney Walesca Diaz, an employee and the only in-house counsel for the Defendant, assumed the functions, duties, and authority of such designee for purposes of service of process.  Therefore, Plaintiff contends that Ms. Diaz had sufficient capacity to represent the jurisdiction of the Defendant and therefore it has met the requirements as mandated by Rule 7004(b)(6). The Plaintiff thus requests Defendant's motion to dismiss to be denied. In the

alternative, Plaintiff also requests this court to grant the Plaintiff a final extension of thirty days to cure the service of process to the defendant.

In response to Plaintiff's reply, Defendant contends that this court does not have jurisdiction over it because the Plaintiff has yet to properly serve the Defendant. Further, Defendant points out that Plaintiff's first service of process was quashed because the prior summons mailed to the Defendant were not signed nor sealed. The second service of process was quashed because the summons was deposited in the mail after 14 days of issuance. Defendant spotlights that the Plaintiff did not oppose nor seek reconsideration of this Court's orders quashing its summons. Defendant further points out that the third summons was not properly served. Ms. Waleska Diaz as an in-house attorney handling such instant case, is not *per se* the administrative manager or general agent of the Defendant. Conclusively, Defendant requests the third summons to be quashed, the action be dismissed, and the initial pre-trial conference scheduled for November 8, 2012 be vacated or in the alternative reschedule such pre-trial hearing and the requirement of filing pre-trial report until this instant motion is decided.

### I.   Factual Background

On March 18, 2009, Debtor filed a Chapter 11 bankruptcy case. Debtor's Chapter 11 bankruptcy case was converted to one under Chapter 7 on May 21, 2010. On March 2, 2012, Plaintiff filed an adversary proceeding against the Defendant. Subsequently, this Court granted on two separate occasions Defendant's motion to quash service of summons. On August 14, 2012, this Court granted Plaintiff's motion requesting new summons to be issued and sixty (60) additional days to properly

3

serve the Defendant. The Defendant's motion to quash this last service and dismiss the case followed.

**II. Legal Analysis and Discussion**

This Court begins its analysis with the governing provisions of the Bankruptcy Code. Rule 7004 of the Federal Rules of Bankruptcy Procedure permits service of a summons and complaint by first class mail. Rule 7004 provides that, except in certain circumstances,

> (b) ... service may be made within the United States by first class mail postage prepaid as follows:
> (6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof.

Fed. R. Bank. P. 7004(b)(6).

In addition, Fed. R. Bank. P. 7004(a)(1) incorporates Fed. R. Civ. P. 4(j)(2), which provides for service upon:

> (j)(2) ... A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed.R.Civ.P. 4(j)(2). Rule 4(j)(2)(B) incorporates Rule 4.4(h) of the Puerto Rico Rules of Civil Procedure, which permits service as follows:

> Upon a municipal corporation or agency thereof with standing to sue and be sued, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or to a person designated by him.

Puerto Rico Rules of Civil Procedure 4.4, Personal service, T. 32 Ap. III, Rule 4.4.

Under a preliminary analysis of the rules above, Ms. Diaz cannot be said to be the "Chief Executive Officer" or a person with such designation rising to the level of the managing or general agent under the Federal Rules for whom a summons and complaint may be served upon the Defendant.

A managing agent is typically an individual with commanding discretion and thus not under direct superior control who is authorized to transact all business of a particular kind at a particular place. Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 2004 FED App. 0233P (6th Cir. 2004). Similarly, a general manager is often an agent of a corporation of sufficient character and rank to establish and ensure that a corporation will be apprised of the service made. Gibble v. Car-Lene Research, Inc., 67 Cal. App. 4th 295, 78 Cal. Rptr. 2d 892 (1st Dist. 1998).  Regardless, the general or managing agent must be able to exercise his or her authority on a continuing, non-sporadic basis. Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 14 Fed. R. Serv. 2d 1329 (3d Cir. 1971).

Furthermore, case law is well established that if a corporation does business in a commonwealth or state, the highest-ranking corporate official in such commonwealth or state or the corporate agent in charge of the corporation's doings within such commonwealth or state is considered a managing or general agent authorized to receive service of process. See generally, Cle-Ware Industries, Inc of Puerto Rico v. Harte & Co, 48 F.R.D. 312 (D.P.R. 1969); Lone Star Package Car Co. v. Baltimore & O. R. Co., 212 F.2d 147 (5th Cir. 1954); American Football League v. National Football League, 27 F.R.D. 264 (D.Md. 1961); Tokyo Boeki (U.S.A.), Inc. v. S. S. NAVARINO, 324 F. Supp. 361 (S.D.N.Y. 1971); Allegue v. Gulf & South Am S S Co., 103 F. Supp. 34 (S.D.N.Y. 1952); Krnach v. Electro Lift, Inc., 13 F.R.D. 131 (N.D. Ohio 1952); Remington

5

Rand, Inc. v. Knapp-Monarch Co., 139 F. Supp. 613 (E.D. Pa. 1956).

However, if a corporate agent is not in charge of a corporation's activities within a commonwealth or state, such corporate agent can still qualify as a general or managing agent if his or her position opens for an enduring responsibility so that is reasonable for a third party to assume that he or she will transmit notice of the commencement of an action to his or her superiors Nazario Morales v. A.E.E., CC-2005-823, 2007 WL 4689054 (P.R. Nov. 30, 2007).

Ms. Diaz, an in-house counsel for the Defendant, does not have adequate commanding discretion arising to the level of that in a Chief Executive Officer or a General Counsel. Further, a reasonable third party would not conclude that an in-house counsel would sit on a Corporation's Board of Corporate Officers without a prior designation of such individual as the "General Counsel." Rather, an in-house counsel reports to the General Counsel and is subjected to extreme limitations to act under the directions of the General Counsel. Further, because Ms. Diaz is not part of Defendant's Board of Corporate Officers, she cannot be expected to transmit notice of any sort of action to individuals who held such executive commanding authority equivalent to the Chief Executive Officer or similar corporate offices of the Defendant.

Summarily, because Ms. Diaz is not the Chief Executive Officer and cannot be said to be a managing or general agent of the Defendant, Plaintiff failed to meet the burden as mandated by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Puerto Rico Civil Procedure Rules. In the adversary case before us, the court has granted several extensions to the Plaintiff in curing her previous procedural defects. This Court, for judicial economy and fairness to litigants purposes, cannot grant yet another extension to the Plaintiff.

**III.     Conclusion**

In view of the above, this Court hereby GRANTS Defendant's Motion to Dismiss with prejudice. Because this Court has concluded that the Plaintiff has not meet her burden for service requirements the court will not delve unnecessarily into the merits of the parties' other arguments. WHEREFORE, IT IS ORDERED that the Defendant's *Motion to Dismiss* shall be, and it hereby is GRANTED. Judgment to be entered accordingly and the adversary case closed.

SO ORDERED

San Juan, Puerto Rico, this 30th day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

7